IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

ANDRE STUBBS, :
    Petitioner

v : Civil Action No.: WDQ-09-1461

STATE OF MARYLAND, :

    Respondent :

. . . . . . o0o . . . . . .

MEMORANDUM

Petitioner Andre Stubbs filed the above-captioned Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 alleging violation of his rights under the Interstate Agreement on Detainers[1] ("IAD"). He seeks to have his federal and state court sentences vacated and to be immediately released. Paper No. 1. Because Petitioner has failed to exhaust his administrative remedies, the Petition will be dismissed without prejudice.

Petitioner has a lengthy criminal history with overlapping charges and convictions in state and federal courts. Paper No. 18. The thrust of Petitioner's complaint is that at the time he was sentenced in this court, and the undersigned recommended he serve his federal sentence in a Maryland facility, he was no longer subject to a Maryland state sentence, and therefore all subsequent sentences are invalid.[2] Paper No. 1 & 24. In short, Petitioner challenges the calculation of his sentences.

Petitioner's current projected release date for his federal sentence is August 28, 2017. *Id.*, Ex. 4. The maximum expiration date for his Baltimore City sentence, which runs consecutive to

---

[1] Md. Code Correctional Services Article, 80401 *et seq* (2008 Replacement Volume); 18 U.S.C. Appendix 2.

[2] Petitioner is not entitled to relief from his federal conviction and sentence under the IAD. Contrary to his assertion, the detainer filed by the United States Marshal was not lodged pursuant to the IAD. At the time the detainer

Petitioner's federal sentence, is August 29, 2029. The maximum expiration date of his Baltimore County sentence, is November 3, 2019. *Id.,* Ex. 4. Petitioner did not appeal the Baltimore City or Baltimore County convictions or sentences, nor did he commence any post-conviction proceedings. *Id*., Ex. 6 & 7.

Before a petitioner may seek habeas relief in federal court, he or she must exhaust each claim presented to the federal court through remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973). A prisoner challenging the calculation of his release date has two possible avenues for relief in Maryland's state courts; by way of administrative proceeding and, in certain instances, by way of petition to the state courts.

Regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the calculation of his sentences and/or diminution credits through administrative proceedings by:

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001 *et seq.,* to the warden of the institution where he is confined;
2. Appealing a denial of the request by the warden to the Commissioner;
3. Filing a complaint with the Inmate Grievance Office, ("IGO");
4. Appealing a final decision of the IGO to the Circuit Court;
5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and
6. If the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

A prisoner claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;
2. Appealing a decision by the Circuit Court to the Court of Special Appeals; and

---

was lodged, Petitioner was an unsentenced detainee and therefore he was not subject to the IAD. *Id.,* Ex. 2.

3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Petitioner has not attempted to employ either of these procedures.[3] Paper Nos. 1 and 18. Accordingly, a separate Order will be entered dismissing this action without prejudice for failure to exhaust available state court remedies.[4]

May 19, 2010　　　　　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] Moreover, as noted above, to the extent Petitioner claims that the detainer lodged against him should be construed as having been filed pursuant to IDA, he is incorrect. The detainer was not filed pursuant to the IDA. Had it been, Petitioner's claim would be subject to dismissal for failure to exhaust his available remedies. When a detainer is lodged against a prisoner he may make a formal request for disposition of the charges, and if not brought to trial within a specified time **after** the filing of the request for disposition, the charges may be dismissed by the court in which they are pending. *See* 18 App. U.S.C.A. In cases involving detainers for untried criminal charges this means, at a minimum, a) making a formal request for disposition under either the IDA or Intrastate Detainer Act; 2) if not brought to trial within the specified time, filing a motion to dismiss in the state court proceedings; and 3) if an appeal is allowed by state law of the ruling on the motion to dismiss, appealing that decision to the highest state court with jurisdiction to hear the appeal. Clearly, Petitioner has not exhausted his remedies under the IDA and his claim is subject to dismissal. *See Dunlap v. 230 District Court*, 701 F. Supp. 752 (D. Nev. 1988) (petitioner seeking dismissal of charges for violation of Interstate Agreement on Detainers must first exhaust remedies); *Brown v. Keohane*, 475 F. Supp. 943 (E.D. Va. 1979).

[4] The undersigned does not express an opinion whether Petitioner has stated a cognizable constitutional claim. As to Petitioner's contention that the amendment of the commitment record was improper, it is noted that both the original 2005 and amended 2007 commitment records show that Petitioner was sentenced to a total of twelve years. The only difference in the commitment records is that the amended record provides that the sentence run consecutive to Petitioner's federal sentence rather than his expired Baltimore County sentence. Paper No. 18, Ex. 4. Petitioner has provided correspondence from the Baltimore City sentencing judge indicating it was his intention to run the Baltimore City sentence consecutive to the federal sentence. Paper No. 24, Ex. 7. A dispute over which commitment record accurately reflects Petitioner's sentence does not rise to the level of a federal violation. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976).